IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Boggs Materials, Inc.; Boggs Contracting, Inc.; and Lynches River Contracting, Inc. ) ) ) ) | Case No.: 4:22-cv-01151-JD | |
| Plaintiffs, ) ) | | |
| vs. ) ) | MEMORANDUM OPINION AND ORDER ON REMAINING EQUITABLE CLAIMS, CONSOLIDATION, AND SETOFF | |
| Summit Materials, LLC; American Materials Company, LLC; and Georgia Stone Products, LLC, ) ) ) ) | | |
| Defendants. ) ) | | |

Before the Court are Plaintiffs Boggs Materials, Inc., Boggs Contracting, Inc., and Lynches River Contracting, Inc.'s (collectively "Plaintiffs"), remaining equitable claims for specific performance and injunctive relief under the parties' Aggregates Supply Agreement ("Supply Agreement") (DE 1-1), among other matters[1] (DE 91). Plaintiffs and Defendants Summit Materials, LLC, American Materials Company, LLC, and Georgia Stone Products, LLC ("Defendants"), have filed supplemental briefs about the equitable claims. (DE 88, DE 94.)

Defendants also move to consolidate this case with a related case, *Boggs Transport, Inc. v. American Materials Company, LLC, et al.*, No. 4:22-cv-04136-JD (D.S.C.) ("BTI Litigation"). (DE 88.) On the other hand, Plaintiffs assert an equitable

---

[1]     The Court issued a text order staying all deadlines in the May 7, 2025, Notice Regarding Jury Selection and Trial (DE 79), in light of the Court's earlier summary judgment ruling (DE 83), which disposed of all jury-triable claims, and the parties' supplemental briefing on remaining issues, as well as the pending motion to stay (DE 89) and joint motion to continue (DE 81).

1

right of setoff against Defendants' judgment in this matter based on amounts awarded in the BTI Litigation. (DE 86.)

For these reasons, Plaintiffs' remaining equitable claims are dismissed, and all other pending matters are resolved as provided herein.

## I. BACKGROUND[2]

### A.   Procedural Posture

In its May 20, 2025, Order (DE 83), the Court granted summary judgment for Defendants on all of Plaintiffs' breach-based claims and Defendants' counterclaim for breach of contract. But Plaintiffs moved to alter or amend the summary judgment order, arguing, among other things, that the equitable claims should survive if the termination or adequacy-of-remedy findings were wrong. (DE 90.) Nevertheless, on August 13, 2025, the Court denied Plaintiffs' Rule 59(e) motion to alter or amend (DE 90), thereby reaffirming the factual and legal determinations underlying the summary judgment ruling. (DE 100.)

This case was initially set for jury selection on July 16, 2025 (DE 79). However, following the May 20, 2025, Order granting partial summary judgment on all claims triable to a jury, the Notice Regarding Jury Selection and Trial was canceled by text order (DE 93). The Court advised that it would revisit the need for jury proceedings, if warranted, upon resolution of the remaining issues.

---

[2]   For a detailed recitation of the factual background and procedural history, the Court refers to its prior Summary Judgment Order (DE 83) and its Order denying Plaintiffs' Motion to Alter or Amend (DE 100).

Defendants' supplemental briefing (DE 88) requests: (1) summary judgment on Plaintiffs' remaining equitable claims; and (2) consolidation of this action with *Boggs Transport, Inc. v. American Materials Co., LLC, et al.*, No. 4:22-cv-04136. Defendants also acknowledge that, in light of the Court's prior summary judgment ruling, their declaratory judgment counterclaim is now moot. (DE 83.) Also pending are:

- The Joint Motion for Continuance (DE 81),
- Plaintiffs' Motion in Limine (DE 82), and
- Plaintiffs' Motion to Stay Deadlines (DE 89).

### B.   Relevant Findings from Prior Orders

The Court's May 20, 2025, Summary Judgment Order granted in part and denied in part Defendants' motions for summary judgment, among other things. (DE 83.) The Court held that Plaintiffs failed to meet contractual notice-and-cure requirements necessary to establish a breach, warranting summary judgment for Defendants on Plaintiffs' breach-of-contract and breach-of-warranty claims. Plaintiffs' damages claims were also contractually limited under Section 6(d) of the Agreement, as they did not plead or prove an intentional or willful breach to trigger the exception. Defendants also prevailed on their breach-of-contract counterclaim for unpaid invoices, as Plaintiffs did not dispute the debt and lacked a valid judgment to support an equitable setoff. Moreover, Defendants properly terminated the Supply Agreement under Section 8(a) after Plaintiffs failed to cure the default.

The Court affirmed these findings and conclusions of law upon denying Defendants' Rule 59(e) motion to alter or amend the summary judgment order. These

determinations are final and foreclose equitable relief premised on alleged continuing contractual obligations.

## II. ANALYSIS OF EQUITABLE CLAIMS

With leave of the Court, Defendants have filed a supplemental brief seeking summary judgment on Plaintiffs' specific performance and injunctive relief claims. (DE 88.) Plaintiffs oppose this relief mainly because the Court has not ruled on their motion to alter or amend. (DE 94.) Since that motion is resolved (*see* DE 100), the Court addresses the grounds for relief in turn.

### A. Specific Performance

Defendants assert they are entitled to summary judgment on Plaintiffs' specific performance claims for several reasons: The Supply Agreement has been terminated, and even if it were not, specific performance is not available because Plaintiffs failed to perform their obligations, and they have an adequate remedy at law. (DE 88.) Plaintiffs' complaint asserts that they are entitled to specific performance under the Supply Agreement, among other things, for

- An audit under Section 4(f) of the Supply Agreement; and
- Requiring Defendants to supply them with aggregates, on a first priority basis, in the quality and quantity required by the Supply Agreement and Plaintiffs' Purchase Orders.

(DE 1-1 ¶¶ 76, 82.) To establish a claim for the equitable remedy of specific performance, a plaintiff must prove: (1) the existence of a valid and binding contract; (2) plaintiff's performance or that plaintiff was ready, willing, and able to perform; (3) inadequacy of legal remedies (*e.g.*, monetary damages); and (4) that the court is capable of enforcing the terms of any decree it might issue. *See Ingram v. Kasey's*

*Assocs.*, 531 S.E.2d 287, 291 (S.C. 2000); *Campbell v. Carr*, 603 S.E.2d 625, 627 (S.C. Ct. App. 2004) ("[S]pecific performance should be granted only if there is no adequate remedy at law and specific enforcement of the contract is equitable between the parties."); *see also King v. Oxford*, 282 S.C. 307, 318 S.E.2d 125 (S.C. Ct. App. 1984) ("A plaintiff must show more than the mere existence of a valid contract to be entitled to specific performance.").

That said, since Defendants have not breached the Supply Agreement, Plaintiffs have no entitlement to a remedy for a breach. Therefore, Plaintiffs failed to meet the threshold requirement for specific performance.

Putting aside this threshold requirement, Plaintiffs contend that the cost-of-cover provision in the Supply Agreement was "not practically available" to them, such that they lacked an adequate remedy at law. (DE 94 at 3; DE 90 at 10–14.) They invoke U.C.C. § 36-2-719(2) to argue that the exclusive remedy failed of its essential purpose. The Court is unpersuaded.

As set forth in the Court's Summary Judgment Order, the Supply Agreement expressly contemplated that, in the event Defendants failed to deliver conforming aggregates, Plaintiffs could procure substitute aggregates from a third party and recover the difference between the contract price and the actual cost incurred ("cost of cover") from Defendants. (*See* DE 83 at 3–6; Supply Agreement §§ 3(b), 5(a), 6(c).) This remedy is a classic legal remedy for non-delivery or nonconformity of goods and was negotiated as part of the parties' commercial allocation of risk. The Agreement

further required prompt notice of nonconformity and reimbursement within ten days of written demand, thereby providing a workable mechanism for recovery.

Plaintiffs have not shown that this remedy was illusory in practice or that it failed of its essential purpose within the meaning of U.C.C. § 36-2-719(2). The record reflects that Plaintiffs did, in fact, obtain aggregates from alternative sources during the relevant period, and nothing in the agreement precluded recovery of the price differential had they satisfied the contractual notice and cure requirements. (*See* DE 83 at 4–5, 12–13.) That Plaintiffs elected not to follow these contractual procedures does not render the cost-of-cover remedy inadequate; rather, it reflects a failure to comply with the agreed conditions precedent to its enforcement.

Accordingly, the Court finds that the cost-of-cover provision provided Plaintiffs with an adequate remedy at law, which forecloses the equitable relief of specific performance. *See Campbell v. Carr*, 603 S.E.2d 625, 627 (S.C. Ct. App. 2004).

**B.     Injunctive Relief**

Defendants contend they are entitled to summary judgment on Plaintiffs' claim for injunctive relief because the Supply Agreement has expired, there is no breach of the agreement, and Plaintiffs have failed to demonstrate the prerequisites for equitable relief. (DE 88 at 5–6.) Defendants also argue that, even if a breach occurred, Plaintiffs have an adequate remedy at law, have not suffered irreparable harm, and cannot satisfy the remaining equitable factors.

Plaintiffs seek permanent injunctive relief compelling Defendants to perform certain obligations they allege arise under the Supply Agreement, specifically:

6

    a. Commanding Defendants to make available all records necessary to facilitate Plaintiffs' audit under Section 4(f) of the Supply Agreement, including all records requested in the Exhibit to their Complaint;

    b. Enjoining Defendants from supplying aggregates to third parties without giving first priority to Plaintiffs; and

    c. Requiring Defendants to supply unwashed aggregates and aggregates meeting the specification requirements of the Supply Agreement and Plaintiffs' purchase orders.

(DE 1-1 ¶ 94.)

The Supreme Court has made clear that "[a] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Under this standard, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. Applying these principles, Plaintiffs cannot establish any of the required factors.

To begin with, as stated in the Court's prior orders, Plaintiffs have not shown a breach of the Supply Agreement. Absent an enforceable ongoing contractual obligation, there is no predicate wrong for equitable relief to remedy. Nevertheless, the Court will address the four factors in *eBay*.

### 1. Irreparable Injury

Even if a breach were assumed, Plaintiffs have not demonstrated irreparable harm. Their alleged injuries—lost profits, increased costs, or inability to fulfill supply

7

orders—are quantifiable and compensable through monetary damages. The Fourth Circuit has consistently held that "[w]here the harm suffered by the moving party may be compensated by an award of monetary damages at judgment, courts generally have refused to find that harm irreparable." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994).

### 2. Available Remedies

Plaintiffs argue that they are entitled to injunctive relief because the cost-of-cover provision in the Supply Agreement was "not practically available," leaving them without an adequate remedy at law. (DE 94 at 3; DE 90 at 10–14.) This contention fails for the same reasons discussed above in connection with specific performance.

As explained in the Court's Summary Judgment Order, the Supply Agreement afforded Plaintiffs a clear contractual mechanism to address any non-delivery or non-conforming delivery of aggregates. Under Sections 3(b), 5(a), and 6(c), Plaintiffs could procure substitute aggregates from third-party suppliers and recover from Defendants the difference between the contract price and the substitute cost, provided Plaintiffs gave the required written notice and opportunity to cure. (DE 83 at 3–6.) This contractual allocation of risk is a standard commercial remedy and—when coupled with the notice and reimbursement timelines—constituted an adequate remedy at law.

Plaintiffs have not demonstrated that the cost-of-cover mechanism was unworkable in practice. The record shows that Plaintiffs were able to obtain aggregates from other sources, and nothing in the Agreement barred them from

seeking the price differential had they complied with its notice-and-cure requirements. (DE 83 at 4–5, 12–13.) Their decision not to adhere to those requirements does not transform a bargained-for legal remedy into an inadequate one.

Because Plaintiffs had an adequate remedy at law, they cannot satisfy the second factor under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006), which requires a showing that "remedies available at law, such as monetary damages, are inadequate to compensate for the injury." This failure alone is sufficient to defeat their claim for injunctive relief, even without reaching the remaining equitable factors.

### 3. Balance of Hardships

The balance of hardships weighs against injunctive relief. Defendants have lawfully terminated the Supply Agreement under Section 8(a), as previously determined. Compelling continued performance would effectively rewrite the parties' contract and impose obligations on Defendants that the parties no longer share by mutual agreement or legal compulsion. This would create significant operational and commercial burdens for Defendants, while offering Plaintiffs no more than the equivalent of damages for a terminated contract.

### 4. Public Interest

Lastly, the public interest does not favor the imposition of injunctive relief where it would contravene established contract law principles and undermine the finality of negotiated termination provisions. Courts are not in the business of

ordering the indefinite continuation of commercial relationships that have lawfully ended.

Because Plaintiffs cannot establish any of the elements necessary for a permanent injunction, Defendants are entitled to judgment as a matter of law on this claim. Accordingly, Plaintiffs' claim for injunctive relief is dismissed with prejudice.

## C.  Setoff

### 1. Plaintiffs' Position

In their supplemental briefing, Plaintiffs contend they are entitled to an equitable setoff against Defendants' judgment in this matter based on amounts awarded in the BTI Litigation. (DE 86.) In the BTI Litigation, the Court entered summary judgment in favor of Boggs Transport, Inc. ("BTI"), and against American Materials Company, LLC ("AMC"), in the amount of $227,426.27, and against Georgia Stone Products, LLC ("GSP"), in the amount of $748,116.24, together totaling $975,542.51, plus prejudgment interest. (DE 41 at 11-12, 4:22-cv-04136-JD.) Plaintiffs acknowledge that BTI is a separate corporate entity and not a party to this action but assert that the closely related nature of the corporate affiliates supports equitable setoff in order to avoid a windfall to Defendants. (DE 86 at 2.)

### 2. Defendants' Position

Defendants' position reflects a degree of procedural nuance. In their supplemental briefing, Defendants acknowledge that both sides assert damages and reference the concept of setoff, yet they neither expressly concede nor directly endorse Plaintiffs' equitable setoff theory. Instead, Defendants rely on authority indicating that the debts at issue are not mutual: (1) Plaintiffs have no judgment in their favor

10

in this case; (2) the BTI Litigation judgment is held by BTI, a distinct legal entity not a party to this action; and (3) South Carolina law requires strict mutuality of obligation, which is absent here. While Defendants propose offsetting the two judgments as part of their consolidation motion—yielding a net judgment of $1,704,686.03 in their favor (DE 88 at 8)—they present this solely as a procedural mechanism tied to consolidation, not as a substantive request for equitable setoff.

### 3. Governing Law

Under South Carolina law, "[a] non-settling defendant is entitled to credit for the amount paid by another defendant who settles for the same cause of action." *Riley v. Ford Motor Co.*, 414 S.C. 185, 195, 777 S.E.2d 824, 830 (2015). The Court's authority to order setoff is equitable in nature, arising from its inherent jurisdiction "to do justice between parties." *Id.* That authority, however, is subject to defined limits. "[E]quitable setoff cannot exist without a valid judgment to set off." *J & W Corp. of Greenwood v. Broad Creek Marina of Hilton Head, LLC*, 441 S.C. 642, 671, 896 S.E.2d 328, 344 (Ct. App. 2023). Likewise, "[s]etoff is indeed in equity, but that does not mean the court can pluck a number from the sky to fulfill it." *Id.* at 672, 896 S.E.2d at 344.

Equitable setoff is rooted in the principle that where two parties hold valid claims against each other, the amount awarded to one may be reduced by the amount the other is entitled to recover. *See* 20 Am. Jur. 2d Counterclaim, Recoupment, Etc. § 6 (May 2023 update) ("The right to setoff does not operate as a denial of the plaintiff's claim, but rather allows the defendant to set off the debt that the plaintiff owes the

11

defendant against the plaintiff's claim against the defendant."). Relatedly, the doctrine of recoupment "rests upon the principle that it is just and equitable to settle in one action all claims growing out of the same contract or transaction; the object of the plea is to rebate or recoup, in whole or part, the claim sued on." *Id.* § 5; *J & W Corp.*, 441 S.C. at 671, 896 S.E.2d at 344.

### 4. Analysis

There is no dispute that the BTI judgment is valid and that AMC and GSP are the judgment debtors in that action. The sole dispute concerns mutuality. In this case, the judgment is in favor of AMC and GSP and against Plaintiffs Boggs Materials, Inc., Boggs Contracting, Inc., and Lynches River Contracting, Inc. The BTI Litigation judgment, by contrast, is in favor of BTI—a separate legal entity not a party here—and against AMC and GSP. Plaintiffs have not obtained any judgment in their own names against Defendants in this matter.

Under South Carolina precedent, corporate affiliates are distinct legal persons absent veil-piercing or a finding of alter ego status. Plaintiffs have neither pled nor proved such grounds. The related corporate relationship between Plaintiffs and BTI does not, without more, satisfy the strict mutuality requirement for equitable setoff. *See J & W Corp.*, 441 S.C. at 671–72, 896 S.E.2d at 344.

Accordingly, while the BTI judgment is fixed and certain, it is not held by the same parties who are judgment debtors in this case. Mutuality is, therefore, lacking. Plaintiffs' request for equitable setoff is denied, without prejudice to BTI's independent right to enforce its judgment in the BTI Litigation.

## IV. OTHER PENDING MOTIONS

The parties have several motions that remain pending concerning jury selection and other pre-trial matters. Given the Court's rulings herein and the absence of any issues for trial:

- The Joint Motion for Continuance (DE 81) is **DENIED AS MOOT**.
- Plaintiffs' Motion in Limine (DE 82) is **DENIED AS MOOT**.
- Plaintiffs' Motion to Stay Deadlines (DE 89) is **DENIED AS MOOT**.

As to the consolidation request in DE 88, Defendants sought to consolidate this action with the BTI Litigation for the limited purpose of entering a single judgment. Because the Court has denied Defendants' request for setoff, the stated basis for consolidation no longer exists. Accordingly, the motion to consolidate is denied as futile.

## V. CONCLUSION

For these reasons, Defendants' supplemental motion for summary judgment (DE 88) is **GRANTED** as to Plaintiffs' claims for specific performance and injunctive relief. Those claims are dismissed with prejudice.

Plaintiffs' request for equitable setoff (DE 86) is **DENIED**.

Defendants' motion to consolidate this action with *Boggs Transport, Inc. v. American Materials Co., LLC, et al.*, No. 4:22-cv-04136 (DE 88) is also **DENIED**.

Defendants' declaratory judgment counterclaim (DE 4 ¶¶ 86–92) is **DISMISSED AS MOOT** in light of the Court's rulings on the merits of Plaintiffs' claims.

The remaining pending motions are resolved as follows:

- The Joint Motion for Continuance (DE 81) is **DENIED AS MOOT**;

- Plaintiffs' Motion in Limine (DE 82) is **DENIED AS MOOT**; and

- Plaintiffs' Motion to Stay Deadlines (DE 89) is **DENIED AS MOOT**.

This Order resolves all remaining claims and motions in this action. The Clerk of Court is directed to enter judgment in favor of Defendants consistent with this Order and close the case.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 28, 2025